150 So.2d 192

**INSURANCE COMPANY OF NORTH AMERICA**

**v.**

**Leon DAVIS.**

**INSURANCE COMPANY OF NORTH AMERICA**

**v.**

**Bobby BARLOW, pro ami.**

**4 Div. 141, 142.**

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellees.

SIMPSON, Justice.

The two appeals, involving identical legal questions, taken by the respondent below, are from decrees of the Covington County Circuit Court, in Equity, ordering the respondent to pay over the proceeds of a liability insurance policy to the two complainants.

Appellees filed bills in equity under § 12, Tit. 28, Code of Ala.1940, praying the in-

surance proceeds be applied to the satisfaction of their respective judgments recovered in two tort actions against H. L. Campbell, as administrator of the estate of Charles Melvin Locke, deceased. Appellant demurred to the bill raising a non-joinder of said defendant in the tort actions. The demurrer was overruled by the lower court. Appellant moved to stay proceedings pending a determination by this Court of the appeal of the two tort actions, which motion was denied. The matter was then resolved in favor of appellees on bill and answer and the stipulation between the parties as to the facts. After the decree was entered, appellant moved to stay execution pending a determination by this Court of the tort actions, offering to supercede to the extent of its liability on the insurance policy or give proper security. The lower court denied the motion, whereupon appellant brings these appeals.

Appellees have filed and argued to this Court a motion to dismiss the appeal, urging two grounds: First, that appellant had failed to file the certificate of appeal twenty days after security for costs was approved; second, that the appeal is taken solely for the purpose of delay and the proceeding is frivolous and dilatory. Neither of these grounds impresses us as meritorious.

■■ The certificate of appeal was included and filed with the transcript of record. An appeal is not due to be dismissed for the failure of the clerk of the lower court to send to the clerk of this Court, within twenty days after the appeal, the certificate required by Supreme Court Rule 38, when there is such a certificate attached to the transcript and filed with it. Central of Ga. Ry. Co. v. Hinson, 262 Ala. 223, 78 So.2d 286; Southern Life & Health Ins. Co. v. Williams, 230 Ala. 681, 163 So. 321. With respect to the second contention, the appeal has merit, the appellant having made meritorious argument to this Court in brief. Other than the statement made by appellees' counsel that during the trial appellant's counsel stated that he had no defense to the action, there is no evidence that the appeal is a delay tactic, merely. Moreover, appellant's counsel after study and preparation of his appeal could have changed his opinion as to the merits of his case, and would not be bound by his former statement. In any event, the appeal should not be dismissed for that alone in the circumstances of this case.

### On The Merits

■ Appellant contends, having raised the point by demurrer, that under § 12, Tit. 28, Code of Ala. 1940, a judgment creditor must proceed against both the defendant in the damage suit and the insurance company in the equitable action because as the statute states:

" § 12. *Remedy of injured party after recovering judgment.*—Upon the recovery of a final judgment against any person, firm, or corporation by any person including administrators or executors, for the loss or damage on account of bodily injury or death, or for loss or damage to property, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." (Emphasis added.)

From a critical scrutiny of the statute, we think it apparent that the legislature intended that all such proceedings must be brought against the defendant in the action at law and the insurance company, as joint respondents. The defendant is first mentioned in the phraseology of the statute, i. e., "against the *defendant* and the

insurance company", which is connative of the idea that the defendant in such a proceeding was essential in the minds of the legislators in adopting the statute. The two parties are joined in the *conjunctive,* and not in the *disjunctive,* which in statutory interpretation means that both matters so joined must mutually co-exist. The use of the word "may" in the statute is not indicative of appellees' contention that the statute merely allows a permissive joinder; but must be read in connection with the immediately preceding phrase, i. e., "and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed * * *", which means that if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment.

The character of the statute was set out in Globe Indemnity Co. v. Martin, 214 Ala. 646, 648, 108 So. 761; and reiterated later in George v. Employers' Liability Assur. Corp., Limited, of London, England, 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438:

> "It is therefore plain that the statute is not one merely of a remedial character as to procedure, but one affecting the liability of the insurer and the *rights of the insured,* as well as one injured by the conduct, against loss from which the assured is insured in his policy." (Emphasis added.)

Therefore, it is logically deduced that the insured is a "necessary party" under the rule that all persons having a material interest in the litigation or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby are necessary parties. Courington v. Kilgore, 264 Ala. 23, 84 So.2d 646; Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324; Leigeber v. Scott, 263 Ala. 507, 83 So.2d 246; Quinlivan v. Quinlivan, 269 Ala. 642, 114 So.2d 838.

The Alabama statute and also statutes in Missouri and Ohio all have their origin in Massachusetts Statutes, 1914, Ch. 464, §§ 1, 2. The Alabama statutes carried over in Code of Ala.1940, Tit. 28, §§ 11, 12, were originally enacted in Ala.Code, 1923, §§ 8376, 8377, and except for one word and comma, which are both immaterial, are identical with the original Massachusetts statute. In 1953 the Alabama statute was amended by adding a phrase thereto which extended it to include judgments for property damage, but otherwise it remains unchanged as copied from the original Massachusetts enactment. We found no decision in the Massachusetts appellate courts from the time the act in question was written, 1914, until it was adopted by the Alabama Legislature, 1923, having any bearing on the question at bar. In the cases examined in Massachusetts, we did note that the insured was always named in the style of the case as the primary party, the insurance company usually being added as "another". We thus draw the conclusion that it was the general practice among the Massachusetts bar to always include as a respondent, the defendant in the damage suit. (See Anno. Laws of Mass., Rec.1955, Ch. 175, § 113, and Ch. 214, § 3 [10]).

For other cases interpreting the statute generally in our jurisdiction see: Macey v. Crum, 249 Ala. 249, 30 So.2d 666; State Farm Mutual Auto Ins. Co. v. McClendon, 269 Ala. 456, 114 So.2d 153.

The case cited by appellees, Sansom v. New Amsterdam Ins. Co., D.C., 95 F.Supp. 6, is not authority for their position. The language of the Federal District Court clearly indicates that the question of joinder of the defendant was not passed on. The judge merely ousted the case of federal jurisdiction by a realignment of parties putting the insured and insurer on the same side of the controversy. The other comments in the opinion were admittedly dictum.

It results, therefore, as our conclusion that the demurrer to the bill pointing out a

non-joinder of parties defendant should have been sustained.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.