171 So.2d 119

**ALABAMA FARM BUREAU MUTUAL CASUALTY INS. CO., Inc.**

v.

**Cornelia CRESTMAN, Pro Ami.**

**1 Div. 114.**

Supreme Court of Alabama.

Jan. 21, 1965.

Jas. L. Shores, Jr., Birmingham, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

COLEMAN, Justice.

Plaintiff was injured in a motor vehicle collision, sued the defendant who allegedly caused plantiff's injury, and recovered judgment against the defendant.

The judgment was not paid and plaintiff brought the instant suit, in equity, against defendant's liability insurer. § 12, Title 28, Code 1940. Defendant was not made a party to the instant suit. After hearing, the court rendered decree for plaintiff and against insurer. The insurer appeals.

Insurer assigns rendition of the decree as error. Insurer argues that the court erred in rendering the decree because: "The evidence in this case is uncontroverted that Hubert Harville deliberately misrepresented to appellant that he was not involved in the automobile accident which injured the appellee."

■ The transcript of evidence covers more than two hundred pages. Insurer insists that the evidence is uncontroverted so as to compel a finding that defendant was guilty of such misrepresentation as avoided the policy, but insurer has not complied with Rule 9 of the revised rules of this court. Insurer's noncompliance is that insurer has failed to set out in brief, under the statement of facts, "a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." By such noncompliance, appellant waived the assignments going to the insufficiency of the evidence to support the decree. Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Case v. Ward, 276 Ala. 242, 160 So.2d 859; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705.

■■ Insurer argues that defendant, the insured, is a necessary party to this suit,

and, because insured has not been made a party, the decree must be reversed.

We have not found where insurer raised this point of nonjoinder in the trial court, but the point may, nevertheless be raised on appeal.

"The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28. See also: Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345." Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464, 468.

■■ In a suit under § 12, Title 28, this court has decided that the insured is a "necessary party" under the rule that all persons having a material interest in the litigation, or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby, are necessary parties. Insurance Company of North America v. Davis, 274 Ala. 541, 543, 150 So.2d 192.

For failure to join insured as a party, the decree is reversed and the cause remanded.

Appellant had knowledge of the nonjoinder, and, not having made this objection in the trial court, is in fault and must pay one-half the costs of this appeal and appellee the remainder. Prout v. Hoge, supra; Rollan v. Posey, supra.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.