The defendant below, Dr. Wood, appeals an order of the trial court enjoining him from operating a helicopter from his residence. Appellant is a medical doctor who lives within the city limits of Huntsville and practices medicine at two clinics located in rural Madison County. In 1977, he built a helipad on top of his house at a cost of $27,000.00. He has used the helipad to operate his own helicopter for commuting purposes, and to transport patients in emergency situations. Prior to construction of the helipad, he obtained a permit from the Huntsville City Building Inspector for a "dwelling patio deck." He then obtained a Certificate of Approval for Airport Site from the Alabama Department of Aeronautics, and FAA permission to land helicopters on his helipad. Shortly thereafter, his neighbors began to complain of noise and alleged safety hazards caused by operation of the helicopter.
On June 16, 1978, the City of Huntsville sought an injunction against Dr. Wood, alleging that he was operating his helicopter in violation of city zoning ordinances. At a hearing on the City's request for a permanent injunction, the trial judge stated that the proper remedy would be one for private nuisance rather than violation of zoning ordinances, and found that the City was not the proper party to seek such relief. He then joined the "complaining witnesses" (neighbors who had testified for the City) as petitioners in the action, and enjoined defendant from operating any helicopter flights which created a disturbance in the *Page 1083 
neighborhood. He explicitly based this action on a private nuisance theory.
Soon after, eight of Wood's neighbors, including those added as petitioners in the City's action, filed a separate action in circuit court, alleging that Wood's operation of a helicopter from his property constituted a private nuisance, violated zoning ordinances of the City of Huntsville, and violated restrictive covenants of the Piedmont subdivision. Wood then filed a motion for a new trial, or to alter, amend or vacate the order entered in the earlier action. Plaintiffs in the second action petitioned the court to consolidate their suit with the City's. The trial court granted both these motions, held an additional hearing, and amended its prior order so as to prohibit any operation of the helicopter whatsoever from defendant's helipad. For the reasons discussed herein, we affirm.
Appellant earnestly contends that the trial court's action in joining the "complaining witnesses" as parties and granting relief on a theory not presented by the City violated his due process rights under the Fourteenth Amendment to the United States Constitution. We do not agree. Under the Alabama Rules of Civil Procedure, the trial court has broad discretion to add or drop parties on its own motion to serve the ends of justice. See
ARCP 19, 20, 21. Further, any disadvantage that defendant may have suffered by the unexpected addition of parties at the first hearing was remedied by the scheduling of an additional hearing at which all parties were present and allowed to present evidence on all issues considered by the trial judge.
Appellant also contends that federal law pre-empts local control of aircraft noise to the exclusion of private nuisance actions. This argument misconstrues the scope of the federal pre-emption. While it is true that Congress, in the exercise of its powers under the Commerce Clause, has extensively and exclusively regulated use of the navigable air space in the United States (see Federal Aviation Act of 1958, 49 U.S.C. § 1301-1541), state and local governments retain substantial control over some aspects of aviation, particularly ground usage. In Alabama, for example, the state Aeronautics Commission is empowered to formulate and adopt airport approach plans for commercial airports, Code 1975, § 4-2-71, to approve airport sites and to license airports, Code 1975, § 4-2-72. Municipalities are authorized to acquire, operate and regulate airports or landing fields, Code 1975, § 4-4-2, and to regulate the operation of private airports, Code 1975, § 4-4-14. Further, counties or municipalities are empowered to enact airport zoning ordinances to prevent the creation of airport hazards, Code 1975, § 4-6-1, et seq.
In holding that state and local regulation of the location of helipads is not pre-empted by federal law, the Supreme Court of New Jersey has discussed the pre-emption issue in these terms:
 Federal preemption will be found where the subject activity intrinsically requires uniformity of regulation, Cooley v. Bd. of Wardens of the Port of Phila., 53 U.S. (12 How.) 299, 319, 13 L.Ed. 996, 1005 (1851), or where Congress has either expressly or impliedly assumed regulatory control of the entire field of activity. Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447, 1459 (1947).
 The case at hand does not present a situation where preemption may be predicated upon a felt need for a monolithic system of regulation. While in some important aspects uniform regulation may be required, such as in the control and supervision of air space, cf. Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 626-628, 93 S.Ct. 1854, 1856-1857, 36 L.Ed.2d 547, 550 (1973), that obvious need does not reach down to the level of the location of small, relatively isolated, privately owned helistops or heliports. Cf. Cooley v. Bd. of Wardens of the Port of Phila., supra, 53 U.S. (12 How.) at 320, 13 L.Ed. at 1005.
 Moreover, we have not been directed to express statements of congressional intent or other explicit indications by Congress to preempt local regulation of the *Page 1084 
placement of helistops or heliports. Similarly, we discern no federal constitutional or statutory sources for implying a congressional intention to preempt this field.
 The federal commerce clause grants Congress extensive power to regulate air traffic. U.S. Const., Art. I, § 8, cl. 3; Burbank v. Lockheed Air Terminal, Inc., supra. Pursuant to that power our national legislature has enacted the Federal Aviation Act of 1958, 49 U.S.C.A. § 1301 et seq., a comprehensive federal scheme under which the Secretary of Transportation has the authority to `regulate[ ] * * air commerce', id. at § 1303 (a), defined as "* * * any operation or navigation of aircraft within the limits of any Federal airway or any operation or navigation of aircraft which directly affects * * * interstate, overseas, or foreign air commerce." Id. at § 1301 (4). While it is clear that state and local authority over the `operation and navigation of aircraft' is supplanted by this federal regulation, see, e.g., Burbank v. Lockheed Air Terminal, Inc., supra, (aircraft noise); Allegheny Airlines, Inc. v. Village of Cedarhurst, 238 F.2d 812, 815 (2 Cir. 1956) (flight altitudes); County of Cook v. Priester, 22 Ill. App.3d 964, 318 N.E.2d 327, 331-332 (App.Ct. 1974), aff'd 62 Ill.2d 357, 342 N.E.2d 41 (Sup.Ct. 1976) (aircraft flight weight), significant local power over ground operations of aircraft remains viable. Aircraft Owners Pilots Assoc. v. Port Auth. of New York, 305 F. Supp. 93, 104-105 (E.D.N.Y. 1969) (federal regulation not so extensive as to prevent airport proprietor from imposing landing fees to regulate traffic utilizing airport); Port of New York Auth. v. Eastern Airlines, Inc., 259 F. Supp. 745, 752
(E.D.N.Y. 1966) (F.A.A. regulations setting preferential runway procedures did not preempt power of Port Authority to prohibit the use of certain runways until certain other runways had been extended); LaSalle Nat'l Bank v. County of Cook, 34 Ill. App.3d 264, 340 N.E.2d 79, 87-88 (App.Ct. 1975) (F.A.A. regulations establishing height restrictions do not preempt power of local governments to enact height restrictions on property surrounding airports); City of Winner v. Lineback, 86 S.D. 165, 192 N.W.2d 705 (Sup.Ct. 1971) (power of local zoning board to acquire and regulate a municipal airport not preempted by federal statutes).
 Further, Congress has expressly acknowledged that state authorities have a governmental role in aeronautic fields. Both the Civil Aeronautics Board and the Federal Aviation Administration are directed to cooperate with state and local aeronautical agencies in connection with matters arising under their jurisdiction. 49 U.S.C.A. §§ 1324 (b), 1343 (i).
Garden State Farms, Inc. v. Bay, 77 N.J. 439, 390 A.2d 1177
(1978).
In the specific area of noise control, state and local governments cannot use their police powers to control noise by regulating the flight of planes, as appellant points out, City ofBurbank v. Lockheed Air Terminal, Inc., 411 U.S. 625,93 S.Ct. 1854, 36 L.Ed.2d 547 (1973). They can, however, as proprietors of airports or landing areas, establish reasonable noise levels by regulations. City of Blue Ash v. McLucas, 596 F.2d 709 (6th Cir. 1979), British Airways Bd. v. Port Authority of New York,558 F.2d 75 (2d Cir. 1977). Appellant relies on Luedtke v. County ofMilwaukee, 521 F.2d 387 (7th Cir. 1975), a case which applied the rule of City of Burbank, supra, to private nuisance actions, holding that where "federal laws and regulations have preempted local control of aircraft flights [citation omitted] the defendants may not, to the extent they comply with such Federal laws and regulations, be charged with negligence or creating a nuisance." Both City of Burbank and Luedtke involved local attempts to control commercial airline flights from public airports, matters which are not within the purview of municipal regulation. Under Code 1975, § 4-4-14, however, municipalities are authorized to regulate the operation of private airports, including helipads, and a private nuisance action is thus not inappropriate. Indeed, dozens of cases in other states have upheld private nuisance actions *Page 1085 
against private airports or helipads. See cases collected at 79 A.L.R.3d 253 (1977) Annotation, "Airport Operations or Flight of Aircraft as Nuisance." Section 4 (b) specifically lists cases supporting the rule that liability in nuisance may exist despite governmental authorization or regulation of airport activities.
Appellant also contends that the evidence introduced at trial regarding the noise produced by Wood's helicopter is not sufficient to justify a finding of nuisance. However, no ground for reversal is more carefully scrutinized or rigidly limited than one charging that the verdict is against the great weight of the evidence, Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797
(1972). Where the trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its finding will not be disturbed unless palpably wrong. Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109
(1965). Here, evidence was introduced at trial which indicated that the noise from appellant's helicopter could bring residents out of a sound sleep; that the noise could be heard with doors and windows closed and appliances operating; that the helicopter performed low altitude passes, overflew several residential properties at low altitude, just above trees, and hovered over residential property. Landings were described as offensive, extremely loud and annoying, and were said to cause exhaust odor to be distributed into neighboring homes. Although this testimony was not undisputed, it is sufficient to sustain the trial court's ruling.
The judgment of the trial court is thus due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.