The State of Alabama Highway Department appeals the judgments of the Circuit Court of Cullman County requiring the Highway Department to pay "just compensation" to Bert Morgan and Morgan Oil Company (hereinafter collectively referred to as "Morgan"), pursuant to Ala. Code 1975, § 23-1-278, and denying relief to the Highway Department, stipulating that it must join other defendants in the action before being able to obtain relief.[1]
The *Page 500 
orders were in response to the Highway Department's actions for declaratory judgments and injunctive relief regarding two commercial billboards alongside the Cullman exit off Interstate Highway 65. The Highway Department claims the outdoor advertising signs are illegal and need to be removed by Morgan.[2]
The trial court granted the Highway Department's request as to one sign and ordered that the sign be removed by either the Highway Department or Morgan. However, the court ordered the Highway Department to pay Morgan just compensation before the removal of the sign. As to the second sign, the trial court's order denied the Highway Department any relief and suggested that the Highway Department join other defendants who were not parties to the present suit as a condition to obtaining any future relief against Morgan and Paul Duke, Jr.[3] The Highway Department appeals the trial court's order regarding the stated conditions.
The evidence at an ore tenus hearing indicated that a sign located on northbound Interstate 65 at the intersection of State Highway 157 had been erected by Morgan sometime after April 11, 1978; that that sign contained an advertisement for an Econo Lodge motel; and that it had been erected without a permit. The evidence also revealed that a second sign, located on northbound Interstate 65 at State Highway 69 had been erected by Morgan, but the actual date of construction is unknown; nonetheless, the second sign was also erected without a permit. Morgan concedes that both signs were erected without the necessary permits. After the hearing regarding both signs, the trial court issued a separate order regarding each sign. We will address each order separately.
Initially, we point out that our review of the trial court's judgment in this matter is governed by the familiar standard of the ore tenus rule. By that rule, the judgment of the trial judge, sitting without a jury, based upon factual findings arrived at from disputed evidence presented orally to the court, is presumed to be correct and will be affirmed on appeal as long as " 'it is fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust.' " Charles Israel Chevrolet, Inc. v. Walter E. Heller Co., 476 So.2d 71, 73 (Ala. 1985) (quoting Whitt v. McConnell,360 So.2d 336, 337 (Ala. 1978). With this standard in mind, we address the trial court's findings.
 I
As to the first sign, the trial court's order reads:
 "The Court holds that the sign was erected on and after April 11, 1978. The Court took testimony and then requested that the attorneys of record travel to the site of the sign for personal close-up observation by the attorneys and the judge.
 "After considering all the evidence, viewing the scene, as shown by Defendants' exhibits 'K' and 'L' and Plaintiff's exhibits '2', '3,' and '4' concerning the signs in question, the Court holds that the Defendants' sign showing 'Econo Lodge, Exit 304, 6 miles,' is nonconforming in that it is too close to the interstate highway, which is just east of the Defendants' exhibit 'K' and is too close to the Stuckey's sign shown by Defendants' exhibit 'L' and the Plaintiff's exhibits '2' and '3.'
"IT IS THEREFORE ORDERED AND ADJUDGED THAT;
 "1. Declaratory judgment relief is granted to the Alabama State Highway Department and against the Defendants.
 "2. Mr. Morgan has twenty (20) days from the date of this order to file in writing a request, should he desire, to *Page 501 
remove the sign in question and have it at his own expense.
 "3. Should Mr. Morgan not file a request to remove the sign within twenty (20) days from this order, then the State of Alabama Highway Department has twenty (20) days thereafter to remove the sign at its discretion.
 "4. We then have the proposition of just compensation by both the Federal and State authorities as set out in our Code . . ., §§ 23-1-280, -281, -282, -283, and other sections. Should the State [Highway Department] be in a posture to remove the sign in question, then they need to file in writing before removal how much compensation, or if they have any Federal or State funds, to be paid to Mr. Morgan."
The Highway Department argues that the Econo Lodge sign is an illegal sign, not a nonconforming sign, and that it is not required to pay compensation to Morgan for the removal of the illegal sign. The Highway Department relies on the language of §§ 23-1-278 and -279, which read, in pertinent part:
"§ 23-1-278. Enforcement of division generally.
 "(a) Any sign erected or maintained in an adjacent area after February 10, 1972, and any outdoor advertising sign, display or device erected with the purpose of its message being read from the main-traveled way of any interstate highway or primary highway outside of an urban area and beyond 660 feet of the right-of-way after April 11, 1978, in violation of the provisions of this division or the rules and regulations promulgated under the provisions of this division may be removed by the director upon 30 days' prior notice by certified or registered mail to the owner thereof and to the owner of the land on which said sign is located or through court proceedings at the option of the director. No notice shall be required to be given to the owner of the sign or to a property owner whose name is not stated on the sign or on the structure on which it is displayed or whose address is not stated thereon and is not on file with the director."
 "§ 23-1-279. Nonconforming signs — Removal and payment of compensation generally.
 "(a) Signs outside of business areas which are lawfully in existence on February 10, 1972, but which do not conform to the requirements in this division, are declared nonconforming and, subject to §§ 23-1-280, 23-1-281 and 23-1-282, shall be removed by the sign owner and/or property owner under agreement with the director, or under the authority of the director, upon agreement between the parties as to just compensation. In the event no agreement can be reached as to just compensation, the sign shall be removed and payment made therefor through petition filed in probate court in accordance with § 23-1-282. Outdoor advertising signs, displays or devices with the purpose of their message being read from the main-travelled way of any interstate highway or primary highway erected prior to April 11, 1978, outside of an urban area and beyond 660 feet of the edge of the right-of-way of such interstate or primary highway and not otherwise lawful under § 23-1-273, as amended, are declared nonconforming and, subject to § 23-1-280, 23-1-281 and 23-1-282, shall be removed by the sign owner and/or property owner under agreement with the director or under the authority of the director, upon agreement between the parties as to just compensation. In the event no agreement can be reached as to just compensation, the sign shall be removed and payment made therefor through petition filed in probate court in accordance with § 23-1-282."
Essentially, § 23-1-279 sets forth a grandfather provision whereby owners of outdoor advertising signs are entitled to compensation for removal of those signs, but they must have been lawfully erected prior to February 10, 1972. Although the statute provides exceptions to this rule for signs erected prior to April 11, 1978, the trial court ruled that the Econo Lodge sign *Page 502 
was erected "on or after April 11, 1978," a fact not disputed by Morgan. Furthermore, the record supports the trial court's finding that the sign was erected "on or after April 11, 1978." Nonetheless, based on the record and the trial court's order, § 23-1-279 has no application to the facts surrounding the Econo Lodge sign. Rather, § 23-1-278 applies, which gives the director of the State of Alabama Highway Department the authority to remove illegal signs without just compensation to the owners, provided there is adequate notice. Thus, the trial court erroneously concluded that the Econo Lodge sign was nonconforming and erroneously ordered the Highway Department to pay Morgan just compensation.
 II
The trial court's order regarding the second sign reads:
 "The Court tried this case along with CV-88-5012 where it has entered a judgment on this date for the Plaintiff and against the Defendants to remove a sign along the interstate highway in Cullman County at the exit north of Highway 157 directing that it be removed or replaced.
 "The Court again took testimony, allowed the attorneys to prepare briefs, and then went to visit the scene of the particular sign involved.
 "There are three signs in the general location of the sign the State [Highway Department] is trying to have an injunction against as shown by Plaintiff's exhibit '8' and Defendants' exhibits 'I' and 'J.' There was conflicting evidence to the Court about when the three signs were erected, some elevated, some moved, and supposedly all this occurred before or after April 11, 1978, under the statute [sic].
 "Plaintiff's exhibit '7' shows that the sign belonging to Quality Inn in the area of the three signs is a permitted sign, the sign belonging to the Defendants here is supposedly an illegal sign, and the third sign belonging to Holiday Inn is designated as nonconforming on the exhibit. There was evidence that a fourth sign behind the three in the exhibits has been removed.
 "Plaintiff's exhibit '7' also shows that the sign belonging to the Defendants and the sign belonging to Holiday Inn are located in the city limits of Good Hope with an ordinance of record.
 "The Court has carefully considered all of the facts introduced, the exhibits, and [has viewed] the scenes of the signs involved with the attorneys of record. In attempting to do equity under Ala. Code 1975, § 23-1-278(b), it appears that all the proceedings here are nonjury but equitable in nature. Since there is only one party with a sign up in the area of the three signs in question, and the conflicting evidence to the Court about the time of erection, extensions or relocation, the Court is unable to reach a decision on the injunctive relief prayed for in this case by the Plaintiff.
"IT IS THEREFORE ORDERED AND ADJUDGED THAT;
 "1. Because of the conflicting evidence before the Court and there being only one party, the Defendant, before the Court on the sign where there are three signs erected, the injunctive relief requested by the Plaintiff is denied at this time.
 "2. The Plaintiff may amend [its] complaint within thirty (30) days to bring in all the parties in interest and set this matter for a rehearing.
 "3. Should the Plaintiff desire not to amend and bring in additional parties, then the injunctive relief requested is denied."
We acknowledge that a trial court has the broad discretion to add or drop parties on its own motion in order to serve the ends of justice. Wood v. City of Huntsville, 384 So.2d 1081
(Ala. 1980). The trial court also has the discretion to order the dismissal of a complaint with leave to amend to add a party or parties if such parties are necessary and indispensable to the action. Withington v. Cloud, 522 So.2d 263 (Ala. 1988). See, also, Rule 19(b), A.R.Civ.P. However, in the instant case, the trial court's findings of fact are inconsistent with its final ruling. The court stated that there are two other signs located in the general area of the sign the *Page 503 
Highway Department seeks to remove: the Quality Inn sign, which the court declares is a permitted sign, and the Holiday Inn sign, which is a nonconforming sign. There was also a structure where a sign once was but, without dispute, has been removed. Therefore, it appears from the record that the Highway Department sought only the removal of illegal signs and not the removal of permitted or non-conforming signs. Thus, because Morgan was the only owner of an illegal sign and Duke was the only owner of land on which an illegal sign was placed, the court had before it all of the parties necessary to resolve the illegal-sign dispute. The trial court erred in denying the Highway Department's petition for declaratory judgment and injunctive relief regarding the sign designated in the Highway Department's exhibit 8 and Morgan's exhibits I and J.
In closing, we note that because of our ruling in this case, we need not address Morgan's issue regarding alleged discriminatory enforcement of the laws by the Highway Department.
Based on the foregoing, we reverse the judgments of the trial court and remand these causes for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Morgan filed a cross-appeal (case number 1900921), but failed to file a brief or to present any argument regarding the cross-appeal. Thus, the cross-appeal is not properly before this Court for review.
[2] Paul Duke, Jr., who is named as a party in one suit, is the owner of the property on which the signs are located. He leases the property to Bert Morgan, but has no other interest in the signs.
[3] See footnote two.