This case involves a coverage question under a homeowner's insurance policy. The specific question is whether a homeowner's policy issued to Herbert Humphries and his wife Louise Humphries covers their son Carl, who lives in a mobile home situated 100 feet from his parents' house.
Clarence Rice and Lois Rice sued Carl Humphries in April 1987. They later amended their complaint to add Carl's parents as defendants. In the amended complaint the Rices alleged that in October 1986, while Clarence Rice was delivering gas to Carl Humphries's mobile home, he was attacked and injured by a pit bull dog owned by Carl Humphries. The plaintiffs alleged that the dog had a general reputation for vicious and fierce propensities.
That case proceeded to trial and resulted in verdicts totalling $390,000 in favor of the Rices. In September 1990, the trial court entered a final judgment against Carl and Louise Humphries. The trial court had previously entered a summary judgment in favor of Carl's father, Herbert.
Only Louise Humphries appealed that judgment. InHumphries v. Rice, 600 So.2d 975 (Ala. 1992), this Court reversed the judgment as to Louise Humphries, holding that because she was not the dog's keeper she could not be held liable on a theory of negligence. Carl Humphries did not appeal, and the judgment against him stood.
In June 1991, before this Court's decision in Humphries v.Rice was released, the Rices filed a writ of garnishment against State Farm in an effort to collect their judgment. In June 1992, State Farm moved for a summary judgment in the garnishment action, on the basis that it had not insured Carl Humphries. It is undisputed that State Farm had issued a homeowner's insurance policy to Louise and Herbert Humphries. While State Farm argued that this policy did not provide coverage for Carl Humphries, the Rices argued that Carl was in fact a "resident" of his parents' "household" and was thus an "insured" under the policy.
The trial court entered a summary judgment for State Farm. The Rices appeal.
For the summary judgment to be proper, there must be "no genuine issue as to any material fact" and the movant must be "entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P.; Sadie v. Martin, 468 So.2d 162 (Ala. 1985). State Farm raises a question regarding the proper standard of review in this action, whether it is the "substantial evidence" rule or the "scintilla" rule. The underlying negligence action was filed April 23, 1987, but the process of garnishment was not filed until June 5, 1991. A post-judgment garnishment proceeding "is an ancillary proceeding seeking satisfaction of a prior judgment, and not an original civil suit." Rush v.Simpson, 373 So.2d 1105, 1107, (Ala.Civ.App.), cert. denied,373 So.2d 1108 (Ala. 1979). Therefore, the scintilla rule applies, because the complaint in the original action was filed before June 11, 1987. See § 12-21-12, Ala. Code 1975. Under the old scintilla rule, if there was so much as a scintilla of evidence in support of the non-moving party's claim, a motion for summary judgment was denied. J.C. Griffin v. Little,451 So.2d 284 (Ala. 1984).
The evidence indicated that Carl Humphries, who was over 30 years old at the time of the incident, had been living in a mobile home 100 feet from his parents' house for seven years. His parents own the mobile home and the land on which it is located. Carl pays no rent to his parents. However, Carl does pay all the utility bills for the mobile home, even though they are billed to Herbert Humphries; the utilities were secured in the father's name so that Carl would not have to pay a deposit. Carl had no belongings in his parents' house, and in the seven years since he moved into the mobile home he had never spent the night in his parents' house. Carl did not have a key to his parents' house and they did not have a key to his mobile home. Carl did eat some meals with his parents in their house, and he used the telephone in their house because he had no telephone in his mobile home. The parents stated in their affidavits that Carl maintained his life separate and apart from them. Carl Humphries stated in his affidavit that he moved into the mobile home for privacy. *Page 584 
This Court has recognized that in order "to be a 'resident' of a named insured's household an individual must be more than a temporary or transient visitor, and must actually live with others in the same household for a period of some duration." Mathis v. Employers' Fire Ins. Co., 399 So.2d 273,275 (Ala. 1981). Carl Humphries never claimed or requested a defense or coverage under his parents' homeowner's policy.
This Court has held, under facts involving parents and children, that a factfinder could find that college students, even though separated from the common roof, are still "residents" of the household of the insured parents. See,Bayles v. Southern Guaranty Ins. Co., 484 So.2d 1065 (Ala. 1986); Crossett v. St. Louis Fire Marine Ins. Co., 289 Ala. 598, 269 So.2d 869 (1972). But in each of those cases the evidence indicated that the school residences were intended to be temporary.
This Court has stated the test for determining the intentions of the parties:
 "The controlling test of whether persons are residents of the same household at a particular time, within the meaning of the policy in question is not solely whether they are then residing together under one roof. The real test is whether the absence of the party of interest from the household of the alleged insured is intended to be permanent or only temporary — i.e., whether there is physical absence coupled with an intent not to return."
Mathis v. Employers' Fire Ins. Co., 399 So.2d 273, 275 (Ala. 1981), quoting Southern Farm Bureau Casualty Insurance Co. v.Kimball, 552 S.W.2d 207 (Tex.Civ.App. 1977). (Emphasis original.)
In this case, the evidence showed that Carl had been living in the mobile home for seven years and had not spent one night in his parents' house during that time. He has manifested no intent that his stay in the mobile home was temporary. Although he maintained a family relationship with his parents, there is no factual basis upon which Carl might be considered a "resident" of his parents' household.
We must conclude that the trial court properly entered the insurer's summary judgment. That judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., dissents.