686 So.2d 218 (1996)
Melissa WIGGINS
v.
STATE FARM FIRE AND CASUALTY COMPANY.
1950777.
Supreme Court of Alabama.
November 27, 1996.
W. Cameron Parsons of Parsons & Sutton, Tuscaloosa, for Appellant.
Micheal S. Jackson of Beers, Anderson, Jackson & Smith, P.C., Montgomery, for Appellee.
MADDOX, Justice.
The issue is whether the trial court erred in denying the plaintiff's motions to proceed against the defendant's insurance carrier after the plaintiff had obtained a default judgment against the defendant. We hold that Alabama law requires the plaintiff to bring a *219 separate action against the insurance carrier. Therefore, the trial court did not err, and we affirm.
Melissa Wiggins was struck in the face by Chris Sanders while attending a fraternity party at the University of Alabama. As a result of the blow, Wiggins lost several teeth and has undergone implant surgery. Sanders is a student at the University of Alabama, and at the time of the incident was covered under his parents' homeowner's insurance policy with State Farm Fire and Casualty Company.
Wiggins sued Chris Sanders and the fraternity in the Tuscaloosa Circuit Court on November 9, 1993. She alleged that Sanders had committed an assault and battery on her and that the fraternity had negligently or wantonly failed to provide a safe and secure environment for its visitors and guests and had thereby caused her injuries. The fraternity and Wiggins entered into a pro tanto settlement agreement, and the claim against the fraternity was dismissed. Wiggins's claim against Sanders was set for trial on May 8, 1995, but Sanders failed to appear; the trial court entered a $100,000 default judgment against Sanders. Subsequently, Wiggins filed motions to add State Farm as a defendant and to apply the proceeds of the insurance contract to satisfy the default judgment. Wiggins's motions were entitled "Motion to Add State Farm Fire & Casualty Company as an Additional Defendant" and "Motion to Apply Proceeds of the Insurance Contract to Satisfy the Default Judgment." Wiggins claims that these motions were filed pursuant to Rule 69, Ala. R. Civ. P., and §§ 27-23-1 and 27-23-2, Ala.Code 1975.
The trial court held that Rule 69, Ala. R. Civ. P., and §§ 27-23-1[1] and 27-23-2,[2] Ala. Code 1975, did not authorize the procedure the plaintiff sought to follow and that she was required to bring a separate independent action against State Farm. State Farm claims that it has meritorious defenses to any such action, on the grounds that its insured failed to give it proper notice of any alleged claim and that the particular incident was not covered under the terms of the policy.

Issue
As stated earlier, the issue is whether Wiggins was required to bring a separate action against State Farm or whether her motion to add State Farm as a defendant after the entry of the default judgment was procedurally authorized.

Analysis
It is important to note that Wiggins has not sued State Farm. This Court, in Insurance Company of North America v. Davis, 274 Ala. 541, 150 So.2d 192 (1962), discussed this question and determined "that the legislature [in enacting § 12, Tit. 28, Code of Ala.1940, predecessor to § 27-23-1, -2, Ala. Code 1975] intended that all such proceedings must be brought against the defendant in the action at law and the insurance company, as joint respondents." 274 Ala. at 542, 150 So.2d at 194. Moreover, in Davis "it [was] logically deduced that the [insurer by and through the] insured is a `necessary party' *220 under the rule that all persons having a material interest in the litigation or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby are necessary parties." 274 Ala. at 543, 150 So.2d at 194.[3]
In Maness v. Alabama Farm Bureau Mutual Cas. Ins. Co., 416 So.2d 979 (Ala.1982), this Court reasoned that "[o]nce an injured party has recovered a judgment against the insured, the injured party may compel the insurer to pay the judgment. The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor." 416 So.2d at 981-82; see also Fleming v. Pan American Fire & Cas. Co., 495 F.2d 535, 540 (5th Cir.1974); Haston v. Transamerica Ins. Services, 662 So.2d 1138, 1139 (Ala.1995).
Rule 21, Ala. R. Civ. P., provides, in pertinent part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and this Court has held that the trial court is given "broad discretion" when determining whether to add or drop a party. Wood v. City of Huntsville, 384 So.2d 1081, 1083 (Ala. 1980). See also State Highway Department v. Morgan, 584 So.2d 499, 502 (Ala.1991).
Wiggins argues that in Haston v. Transamerica Ins. Services this Court approved the procedure she is attempting to follow. Haston is distinguishable, however, because the issue presented here was not before this Court in Haston and was not addressed.
Based upon the foregoing, we affirm the ruling of the trial court.
AFFIRMED.
HOOPER, C.J., and SHORES, HOUSTON, and BUTTS, JJ., concur.
COOK, J., concurs in the result.
COOK, Justice (concurring in the result).
I concur in the result because I do not believe the court abused its discretion in denying the motion to add State Farm as a defendant. I do not believe it necessary in every circumstance for a judgment creditor to file a separate, independent action against an insurance company in order to seek to satisfy an outstanding judgment. See Haston v. Transamerica Insurance Services, 662 So.2d 1138 (Ala.1995), and Rice v. State Farm Fire & Casualty Co., 628 So.2d 582 (Ala.1993).
NOTES
[1] Section 27-23-1 provides: "As to every contract of insurance made between an insurer and any insured by which such insured is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such insured is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurer shall become absolute and the payment of the loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss, or damage or death occasioned by the casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurer and the insured after the insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."
[2] Section 27-23-2 provides: "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment." (Emphasis added.)
[3] Davis was decided before the adoption of the Alabama Rules of Civil Procedure merged law and equity.