Chicago Title Insurance Company ("Chicago Title") appeals from a summary judgment for American Guarantee and Liability Insurance Company ("American Guarantee") in an action Chicago Title brought pursuant to § 27-23-2, Ala. Code 1975. We reverse and remand.
On January 18, 2001, Chicago Title sued Lamar Ham, an attorney, seeking damages allegedly resulting from Ham's failure to disburse funds properly in real estate transactions in which Chicago Title had issued financial guarantees to the lenders. Before that action against Ham was filed, American Guarantee had issued a professional liability insurance policy to Ham, providing coverage for claims arising out of Ham's "rendering or failing to render legal services for others." On May 16, 2001, a judgment was entered in favor of Chicago Title and against Ham in the amount of $856,897.04. That judgment has not been satisfied.
On January 11, 2002, Chicago Title filed this action against American Guarantee pursuant to § 27-23-2, seeking "to have the insurance proceeds provided for in Ham's insurance policy with American [Guarantee] applied to the satisfaction of [Chicago Title's] judgment against Ham." Chicago Title's complaint did not name Ham as a defendant. After American Guarantee answered the complaint and after it filed a motion for a summary judgment, Ham filed a motion to intervene, accompanied by a proposed complaint against American Guarantee. American Guarantee objected to Ham's motion to intervene, stating, in part:
 "American Guarantee also objects to the proposed intervention because Ham's interests are already adequately represented by Chicago Title. Chicago Title's claims are derivative of any [that] Ham may have against American Guarantee. In fact, Chicago Title stands in Ham's shoes to assert its breach of contract claim. Moreover, like Ham in his proposed [c]omplaint, in this litigation, Chicago Title seeks to recover the amount of the default judgment obtained by Chicago Title. American Guarantee's motion for summary judgment is premised on its position that the insurance policy issued to Ham did not provide coverage for the allegations contained in Chicago Title's [c]omplaint against him due to his failure to comply with certain policy conditions and due to the application of a policy exclusion. If *Page 371 
this Court determines that the insurance policy did not provide coverage for the allegations against Ham and grants American Guarantee's motion for summary judgment, it will dispose of the breach of contract claims in this lawsuit, including any claims that Ham may have."
The trial court denied Ham's motion to intervene.[1]
Subsequently, the trial court granted American Guarantee's summary-judgment motion, and Chicago Title appealed.
Chicago Title seeks to enforce its alleged rights as a judgment creditor, under § 27-23-2, which provides:
 "Upon the recovery of a final judgment against any person . . . by any person . . . for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment."
(Emphasis added.)
"This Court, in Insurance Company of North America v. Davis,274 Ala. 541, 150 So.2d 192 (1962), . . . determined `that the legislature [in enacting § 12, Tit. 28, Code of Ala. 1940, predecessor to § 27-23-1, -2, Ala. Code 1975] intended that all such proceedings must be brought against the defendant in the action at law and the insurance company, as joint respondents.'274 Ala. at 542, 150 So.2d at 194." Wiggins v. State Farm Fire Cas. Co., 686 So.2d 218, 219 (Ala. 1996) (emphasis added). Also, in Davis, "it [was] logically deduced that the insured is a`necessary party' under the rule that all persons having a material interest in the litigation or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby are necessary parties." 274 Ala. at 543, 150 So.2d at 194 (emphasis added).
Chicago Title brought this action against only American Guarantee. American Guarantee, in its pleadings, never raised the issue of Chicago Title's failure to include Ham. Indeed, when Ham sought to intervene, American Guarantee vigorously opposed his motion, which the trial court denied. However, this Court is entitled to raise the absence of a necessary party ex meromotu.
 "[F]ailure of the plaintiff or the trial court to add a necessary and indispensable party, and of the defendant to raise the absence of such party in his or her pleadings, does not necessarily dispose of the issue. This defect can be raised for the first time on appeal by the parties or by the appellate court ex mero motu."
J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850 (Ala. 1981). Where, as was the case here, the judgment creditor fails to join the insured as a party to an action brought under §27-23-2, this Court must reverse the judgment of the trial court and remand the cause for further proceedings consistent with its opinion. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Crestman,277 Ala. 410, 412, 171 So.2d 119, 120 (1965) ("For failure to join insured as a party, the decree is reversed and the cause *Page 372 
remanded."). We reverse the summary judgment for American Guarantee and remand the case.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] Following the denial of his motion to intervene, Ham filed a separate action against American Guarantee. That action remains pending.