CARLTON, J.,
for the Court:
¶ 1. Kevin Howell appeals the dismissal of his case by the Forrest County Circuit Court. The trial court granted summary judgment in favor of USAA Casualty Insurance Company and dismissed Howell’s case after finding Howell failed to provide evidence to support his allegation that he constituted a resident of Hunstville, Alabama. Finding no error, we affirm.
FACTS
¶ 2. On May 2, 2006, Feliciana Winniford and Howell collided while driving separate vehicles on Hardy Street in Hattiesburg, Mississippi. Howell was operating a Kawasaki motorcycle and driving east on Hardy Street, and Winniford was operating a Dodge Caravan and driving north on 37th Avenue. Winniford ran the stop sign at the intersection of Hardy Street and 37th Avenue, causing Howell’s motorcycle to strike the front-left side of her van. Howell suffered a spinal-cord injury, which rendered him a paraplegic.
¶ 3. On March 24, 2009, Howell filed suit against Winniford and USAA in the Forrest County Circuit Court, alleging entitlement to the policy limits under three separate USAA liability policies: his own Mississippi policy, his mother’s Alabama policy, and his brother’s Georgia policy. Winniford could not be located and therefore did not receive service of process. Howell claimed that he owned three vehicles insured by USAA, and each policy provided $25,000 per person in uninsured-motorist (UM) coverage, for “stacked” UM policy limits of $75,000. Howell’s mother, Glenna Howell, possessed an automobile insured by USAA, with UM benefits of $20,000 per person. Howell’s brother, Trent Howell, possessed two automobiles insured by USAA, each of which provided UM bodily-injury limits of $100,000 per person, for a “stacked” $200,000 UM coverage.
¶ 4. Howell argued that in addition to being a resident of Forrest County, Mississippi, he maintained residences at Glenna’s home in Huntsville, Alabama, and Trent’s home in Douglasville, Georgia, and therefore qualified as a covered insured under their auto-insurance policies, as well as his *803 own. USAA eventually paid $75,000 for the three “stacked” vehicles on the Mississippi policy upon which Howell was named insured, leaving only the Alabama and Georgia policies before the court. USAA denied that Howell met the definition of an insured for UM purposes under both Glenna’s and Trent’s policies.
¶ 5. On April 30, 2010, USAA filed a motion for summary judgment, disputing Howell’s claim that he was a resident of either Glenna’s home or Trent’s home. Specifically, USAA pointed to facts from Howell’s deposition that established him as a long-time Mississippi resident. Arguments on the motion were heard on August 27, 2010. On September 3, 2010, Howell filed a motion seeking leave to file his first amended complaint to add an allegation that Trent was also a resident of the Huntsville, Alabama home. Howell’s motion was noticed for hearing four times but postponed each time due to conflicts with the court or counsel for one of the parties. The motion was heard on August 26, 2011. At the hearing, the trial court granted USAA’s motion for summary judgment and denied Howell’s motion to amend. On November 2, 2011, the trial court entered its order granting summary judgment in favor of USAA and dismissing Howell’s case with prejudice. Howell now appeals.
STANDARD OF REVIEW
¶ 6. On appeal, this Court applies a de novo standard of review to a grant of summary judgment by the trial court. Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997). Mississippi Rule of Civil Procedure 56(c) provides that summary judgment shall be granted by a court “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 7. The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the nonmoving party “should be given the benefit of every reasonable doubt.” Tucker v. Hinds Cnty., 558 So.2d 869, 872 (Miss.1990). “Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.” Id. As explained in Karpinsky v. American National Insurance Co., 109 So.3d 84, 88 (¶ 10) (Miss.2013), “the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.” (Quotation marks omitted). If the party opposing summary judgment fails to respond, summary judgment will be entered against him “if appropriate.” Id. Additionally,
in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the mov-ant only bears the burden of production where [he] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a show *804 ing sufficient to establish the existence of an element essential to the party’s case, and on which that party will bear the burden of proof at trial.
Id. at 88-89 (¶ 11) (internal citations and quotation marks omitted). The evidence must be viewed in the light most favorable to the nonmoving party. Russell, 700 So.2d at 622 (¶ 8).
¶ 8. When reviewing a trial judge’s decision to deny a motion to amend under Mississippi Rule of Civil Procedure 15, we will not reverse the decision unless the trial judge abused his discretion. Simmons v. Thompson Mach. of Miss., Inc., 631 So.2d 798, 800-01 (Miss.1994).
DISCUSSION
I. Summary Judgment
¶ 9. Howell argues that the trial court erred in granting summary judgment since a question of material fact exists: whether Howell constituted a member of Glenna’s household at the time of his accident. Howell submits that USAA failed to meet its burden of proof on summary judgment. Howell asserts that he constitutes a “family member” and “resident” under the terms of both Trent’s and Glenna’s policies, and therefore he is entitled to receive benefits under the policies.
¶ 10. The policy at issue, written in Alabama, listed Glenna as the named insured. Under “Part C — Uninsured Motorist Coverage,” “covered person” is defined as “you or any family member.” Under the general-definitions portion of the policy, “family member” is defined as “a person related to you by blood, marriage[,] or adoption who is a resident of your household.” Howell and USAA do not dispute that Howell is the biological son of Glenna and therefore constitutes a “family member” under the definition of the policy. The ultimate issue for this Court is whether Howell constituted a resident relative for the purposes of coverage under Glenna’s policy. Both parties agree that Alabama law applies to the interpretation of Glenna’s policy.
¶ 11. Here, the trial court held that it was required to grant the motion for summary judgment “because under the law [Howell] is neither a resident relative of his mother’s home [in Alabama] or his brother’s home [in Georgia].” In support of his claim that he constitutes a resident of Huntsville, Howell cites to the Alabama Supreme Court case of Mathis v. Employers Fire Insurance Co., 399 So.2d 273, 275 (Ala.1981), wherein the Alabama Supreme Court explained that the term “resident” is ambiguous and vague. The Alabama Supreme Court has also stated that when ambiguous terms are used in an insurance policy, questions with those terms are to be resolved in favor of finding coverage for the insured. Davis v. State Farm Mut. Auto. Ins. Co., 583 So.2d 225, 230 (Ala. 1991). Howell asserts that he is a co-owner of the family home on 8020 Lauder-dale Road in Huntsville, Alabama. Howell states that he maintains a separate bedroom in the house, and embraces it as his home.
¶ 12. However, Howell also acknowledges that he has a residence in Hatties-burg, Mississippi, and he states that he keeps personal items at both the Huntsville and Hattiesburg residences. Howell explains that he never bought a home in Hattiesburg, but rather splits his time between the homes of his two grandmothers. Howell’s deposition reflects that he moved to Hattiesburg from Huntsville upon graduation from high school in 1987. After completing his undergraduate degree, Howell remained in Hattiesburg, where he worked and pursued a graduate degree. In August 1998, Howell moved to Florida, where he remained until May or June of *805 1999, and then he returned to Hattiesburg. Howell worked at Clear Channel Communications in Hattiesburg through the time of his 2006 accident and the pendency of his lawsuit. When Howell’s parents divorced in 1992, he and Trent assumed ownership of their father’s interest in the family home in Huntsville, Alabama, in order to help their mother financially. At the time of his accident, Howell possessed a Mississippi driver’s license; was registered to vote in Mississippi; and paid taxes as a Mississippi resident.[1]
¶ 13. USAA asserts that the only evidence Howell presented relating to his and Trent’s ownership in the Huntsville home, and their alleged residence there, was Howell’s September 29, 2009 deposition testimony. USAA states that Howell failed to offer any affidavit, testimony, or other supporting evidence from either Glenna or Trent in support of his allegations that he and Trent own, or reside in, Glenna’s Huntsville residence, and as a result, the trial court did not err in granting summary judgment in favor of USAA.
¶ 14. The Alabama Supreme Court has held that in order “to be a ‘resident’ of a named insured’s household!,] an individual must be more than a temporary or transient visitor, and must actually live with others in the same household for a period of some duration.” Rice v. State Farm Fire & Cas. Co., 628 So.2d 582, 584 (Ala.1993) (citing Mathis, 399 So.2d at 275). The Mathis court provided a test to determine whether a party intends a residence to be temporary or permanent: “whether there is physical absence coupled with an intent not to return.” Mathis, 399 So.2d at 275.
¶ 15. In the present case, the facts in the record reflect that Howell did not intend to live with Glenna. The facts also demonstrate that Howell maintained a separate residence in Mississippi and intended to reside in Mississippi. See also Mercer v. Progressive Gulf Ins. Co., 885 So.2d 61, 66-67 (¶ 22) (Miss.2004). The record shows that Howell lived in Mississippi for approximately nineteen years before the accident, only returning to Alabama for brief visits. Additionally, USAA submits that no Alabama authority exists to suggest either that Howell’s part ownership in Glenna’s home makes him a resident of Alabama, or that Howell living with his grandmother, rather than renting or owning a place, affects his residence in Mississippi.
¶ 16. Our supreme court has held that “where there exists no genuine issues of material fact as to whether a person is considered a ‘resident’ pursuant to an insurance policy, summary judgment is proper.” Id. at 67 (¶ 23). After reviewing the record, we find the evidence and deposition testimony reflects a “physical absence [by Howell] coupled with an intent not to return” to Huntsville. Mathis, 399 So.2d at 275. Accordingly, we find no genuine issue of material fact exists as to whether Howell constitutes a resident relative for the purposes of coverage under Glenna’s policy, and we thus affirm the trial court’s grant of summary judgment and dismissal of Howell’s complaint with prejudice. See M.R.C.P. 56(c).
*806 II. Motion to Amend Complaint
¶ 17. Howell next argues that the trial court erred by denying his motion to amend his complaint to add that his brother, Trent, constituted a resident of the Huntsville, Alabama home owned by Howell, Glenna, and Trent. In denying Howell’s motion, the trial court explained that “it doesn’t matter whether [Trent] is a resident relative in the Alabama house. The issue is whether [Howell] is a resident relative in Alabama.”
¶ 18. Mississippi Rule of Civil Procedure 15(a) provides that “a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.” The supreme court has said that an application to amend a pleading should be made promptly and not be the result of a lack of diligence. TXG Intrastate Pipeline Co. v. Grossnickle, 716 So.2d 991, 1011 (¶ 57) (Miss.1997) (citing Natural Mother v. Paternal Aunt, 583 So.2d 614, 616-17 (Miss.1991)).
¶ 19. Howell asserts that no inappropriate reason exists for the requested amendment. However, USAA submits that the record reflects that Trent and Howell purchased their father’s share of the family residence during their parents’ 1992 divorce. USAA disputes Howell’s September 2010 claim that his counsel “only recently realized” that Howell could argue entitlement to benefits under Trent’s policy by asserting that Trent was a resident of the Huntsville home, stating that Howell’s counsel was present for Howell’s September 29, 2009 deposition divulging Trent’s alleged part ownership of the home. The transcript reflects that Howell’s counsel provided no evidence that Trent constituted a resident of the Huntsville home other than his part ownership of the home. Howell’s counsel admitted at the hearing that “the extent of the involvement of [Trent] in the home he owns in Alabama with [Glenna] and [Howell] ... hasn’t been explored at all.”
¶ 20. Accordingly, we find no abuse of discretion in the trial court’s denial of Howell’s motion to amend his complaint. See Simmons, 631 So.2d at 800-01.
¶ 21. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE AND ROBERTS, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. MAXWELL AND FAIR, JJ., NOT PARTICIPATING.

. In Merrimack Mutual Fire Insurance v. McDill, 674 So.2d 4, 8 (Miss.1996), the Mississippi Supreme Court determined that summary judgment was improper where an issue of material fact remained in dispute as to whether Brown, a 28-year-old adult, was a member of his parents' household for homeowner-insurance purposes. Brown lived in a garage apartment located in a separate building on his parents' property, ate numerous meals at his parents' house, received his mail at his parents' house, and had specific rules to follow, that were implemented by his parents, while living in the garage. Id.