L. CHARLES WRIGHT, Retired Appellate Judge.
The State of Alabama Department of Transportation appeals from a judgment declaring that a billboard belonging to Charles and Lisa Hollis does not violate the provisions of the Highway Beautification Act— Outdoor Advertising, §§ 23-1-270 through - 288, Code 1975.
The Highway Beautification Act-Outdoor Advertising prohibits the erection of signs not meeting certain location, size, lighting, and spacing requirements. Signs erected in violation of the act may be removed by the department of transportation upon 30 days’ notice to the owner. § 23-l-278(a). Section 23-1-273(4), the provision of the act pertinent to this appeal, provides the following:
“No sign shall, subject to the provisions of Section 23-1-274, be erected or maintained in an adjacent area after February 10, 1972, nor shall any outdoor advertising sign, display or device with the purpose of its message being read from the main-traveled way of an interstate highway or primary highway be erected after April 11, 1978, outside of an urban area beyond 660 feet of the nearest edge of right-of-way of an interstate or primary highway, except the following:
[[Image here]]
“(4) Signs advertising activities conducted on the property on which they are located. For the purposes of this subdivision, the promotion of activities at other locations or the dissemination of information about activities conducted upon other property shall not be considered activities conducted on the property on which a sign is located.”
*593 The department notified the Hollises that their billboard was erected in violation of the act and would be removed within 30 days. The Hollises filed an action in the Circuit Court of Cullman County, requesting that the department be enjoined from removing the billboard. The Hollises contended that the billboard fell within the “on-premises” exception found at § 23-1-278(4). The department maintained that the “on-premises” exception was not applicable to the facts of the case. Following oral proceedings, the trial court found that the billboard was not in violation of the act and enjoined the department from removing it.
The ore tenus rule governs our review of the trial court’s judgment in this matter. State Highway Dep’t v. Morgan, 584 So.2d 499 (Ala.1991). Its judgment will not be reversed on appeal if it is supported by the evidence and is not palpably wrong or manifestly unjust. Morgan.
The record reflects that the Hollises own Dodge City General Store # 1 and Dodge City Store #2. Dodge City Store #2 is the subject matter of this appeal.
Charles Hollis was the only witness to testify at the hearing. He testified that Dodge City # 2 was built in March 1992 in anticipation of developing a family-owned tract of land. After construction, a billboard was attached to the building. The billboard read, “Dodge City General Store-Fireworks, Souvenirs, Hardware, Groceries. This exit.” The building is located on property adjacent to 1-65. The billboard can be seen from the interstate. The same exit from the interstate leads to both stores. One must drive by Dodge City # 1 to get to Dodge City # 2.
Hollis offered evidence through testimony and photographs that the store had fireworks, souvenirs, hardware, and groceries for sale. He testified that the store had a business license, regular operating hours, and a full-time employee working there. He stated that the same merchandise was sold at Dodge City # 1.
The department argued at the hearing and argues in its brief that the billboard was in violation of the act because “it advertises items that are also sold elsewhere especially Dodge City # 1” and that “Dodge City # 2 is a sham business whose purpose is to have a billboard that advertises Dodge City # 1 to travelers on 1-65.” The department did not offer any evidence to support its position at trial.
We find that the undisputed evidence supports a finding that the billboard was an “on-premise” advertisement and therefore not in contravention of the act. The trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.