L. CHARLES WRIGHT, Retired Appellate Judge.
The Corinth Baptist Church of Cragford, Alabama, appeals from a judgment declaring that its sign does not conform with the provisions of the Highway Beautification Act— Outdoor Advertising, §§ 23-1-270 through - 288, Code 1975.
The Highway Beautification Act— Outdoor Advertising prohibits the erection of signs not meeting certain location, size, lighting, and spacing requirements. Signs erected in violation of the act may be removed by the Alabama Department of Transportation upon 30 days’ notice to the owner. § 23-1-278(a). The act gives the director of the Department authority “to adopt such rules and regulations as are necessary and appropriate to carry out the provisions” of the act. § 23-1-286.
In 1976 the Department adopted its “Rules and Regulations No. 4,” subsequently incorporated by reference as Highway Department Administrative Code, § 450-3-1-.06(d). The regulation concerns “official signs” and provides in pertinent part that a church may erect or maintain a sign adjacent to a primary highway without securing a permit, provided the sign does not exceed 8 square feet in size and is not located on State Righb-of-Way. If the size of the sign exceeds 8 square feet and is located in a business area, a permit shall be obtained or the sign shall be removed.
The record reflects that in 1990 Mrs. Mildred Gulley gave permission to the church to erect a display on her property adjacent to Highway 77. The display was made of a steel tubular frame with two vertical posts anchored in concrete and a horizontal cross beam. Atop the horizontal cross beam were welded three crosses. Hanging from the beam was a 4' x 8' (32 square feet) white metal sheet, upon which were attached red letters which read “Corinth Baptist Church.” Below the letters was a red arrow indicating the direction in which a motorist should turn off Highway 77 to find the church. The sign was located approximately 35 feet from the right-of-way and was not in a zoned or un-zoned commercial or industrial area.
The ore tenus rule governs our review of the trial court’s judgment in this matter. State Department of Transportation v. Hollis, 634 So.2d 592 (Ala.Civ.App.1994). Its judgment will not be reversed on appeal if it is supported by the evidence and is not palpably wrong or manifestly unjust. Hollis.
The trial court determined that the church’s sign did not conform with the Department’s Regulation 4, in that it exceeded 8 square feet and was not located in a zoned or unzoned commercial or industrial area. In view of the undisputed evidence, we find no error with the trial court’s conclusion.
The trial court further found that the “controlling rule and regulations in this case do not violate the [church’s] freedoms of speech and religion as guaranteed by the First Amendment of the Constitution of the United States.”
The church contends that the trial court erred in reaching such a decision. It insists that the Department’s regulation, and its ensuing action, was violative of its First Amendment Rights to freedoms of speech and religion. The church suggests that City of Ladue v. Gilleo, — U.S.-, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994), supports its assertion.
In City of Ladue v. Gilleo, the Supreme Court determined that an ordinance which prohibited almost all signs in residential *870 neighborhoods was violative of the citizen’s First Amendment rights to freedoms of speech and religion.
We do not find that case to be applicable to the present facts. The Department’s Rule and Regulation 4 makes no reference to the content of the sign. It merely regulates the manner in which churches may display signs that are not on the property on which the churches are located by limiting their signs to no more than 8 square feet in area. The rule and regulation does not attempt to regulate the views of the various churches. It simply regulates the size of the signs.
The church raises other constitutional issues and matters of statutory construction for our consideration. It fails, however, to give any authority, persuasive or otherwise, to support its assertions. We, therefore, decline to address those issues. May v. State Dep’t of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987); Rule 28(a)(5), Ala.R.App.P.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.