This is a dispute regarding the vacating of a road in Pelham, Shelby County, Alabama. Sherman Holland, Jr., executed a petition for declaration of vacation of a portion of an unnamed road. Pursuant to the request of the mayor of Pelham, Bobby Hayes, he presented this petition to the City of Pelham, which, by resolution, gave its assent to the declaration.
Hayes's affidavit states that Holland is the owner of all land abutting both sides of the portion of the road that was vacated. The affidavit further states that no person "was denied other convenient access to his or her property." The petition filed by Holland alleges that the vacation would "not deprive other property owners of convenient and reasonable means of ingress and egress to and from their property." On April 20, 1987, the mayor and the city council of the City of Pelham passed a resolution vacating the "unpaved and unnamed road being located upon and through the lands fully owned by Sherman Holland, Jr." Subsequent to this resolution, Holland blocked access to the road with piles of dirt.
Holland contends that the vacated road was a chert "all weather" road located in a flood plain. He also claims that the road was a trash dumping site and that a one-lane bridge with no guard rails was located on the road. Holland claims that there were no traffic control devices or lights on the road, and that the road was a danger as well as a nuisance to the public. Testimony by the Shelby County engineer, Gary Ray, shows that a fully loaded fire truck or other heavy vehicle would not be safe in crossing the bridge.
The City of Alabaster and Kathleen Hill sued Holland. Hill requested an abatement of an alleged private nuisance and sought damages, contending that Holland's blocking of the road devalued her property by $11,600 due to inconvenience and loss of utility. Alabaster's claim was for the abatement of an alleged public nuisance, i.e., Holland's blocking of the road.
Alabaster and Hill contend that the road was maintained by Shelby County until the date on which the City of Pelham passed the resolution vacating the road. Holland answered the complaint and alleged that Alabaster was not a proper plaintiff because the actions taken concerned a road wholly within the city limits of Pelham and were taken at the request and direction of the City of Pelham. Holland also claims on appeal that the City of Pelham placed barricades and "road closed" signs in the road after it was closed.
Holland filed a motion for summary judgment, relying on the pleadings, various discovery documents and the affidavit of Hayes. Alabaster opposed the motion with an affidavit by Larry Rollan, police chief for the City of Alabaster. Rollan stated that a portion of the road that was blocked by Holland or his agents was within the city limits of Alabaster.[1] He further stated that the road had been used by Alabaster citizens for more than 20 years and that it provided more convenient and quicker access to Highway 31 than was otherwise available. The motion for summary judgment was subsequently denied.
The trial court heard ore tenus evidence without a jury and entered a final judgment ordering the abatement of a public nuisance, specifically Holland's blockage of the road with dirt piles. The trial court held that the private nuisance claim of Mrs. Hill was without merit. The trial court restrained Holland from continuing any further obstruction or damage to the road and from interfering with the use of the road by vehicular or pedestrian traffic. The trial court further set aside the vacation of the road. Holland appeals.
 Issues
Holland raises several issues on appeal:
1) Whether the trial court erred by not granting Holland's motion for summary judgment; 2) whether the City of Pelham should be joined as a necessary party; 3) *Page 226 
whether Holland was justified in relying on the City of Pelham's resolution vacating the road; 4) whether Holland should have been compensated when the circuit court reversed the actions of the City of Pelham; and 5) whether the trial court erred in setting aside the vacation of the road. Holland has, additionally, filed a motion to strike the appellees' brief, contending that the City of Pelham should have been served with the appellees' brief under Rule 44, A.R.App.P. We address these issues below.
 Discussion
Standard of Review
This case was heard by the trial court sitting without a jury. Where ore tenus evidence is presented to the trial court, a presumption of correctness exists as to the court's conclusions on issues of fact based on that ore tenus evidence; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames,514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists. Gaston, supra; Smith v.Style Advertising, Inc., 470 So.2d 1194 (Ala. 1985); League v.McDonald, 355 So.2d 695 (Ala. 1978).
Necessary Party
Holland contends that the trial court erred in failing to join the City of Pelham as a necessary party under Rule 19 of the Alabama Rules of Civil Procedure. The rule reads as follows:
 "(a) Persons to be joined if feasible. A person who is subject to jurisdiction of the court shall
be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.
(Emphasis added.)
The trial court specifically held that "under the evidence, the City of Pelham does not have an interest [in] the subject matter of the above action such that [in the absence of Pelham the] disposition of this action would leave any of the parties subject to substantial risk of incurring double, multiple, or inconsistent obligations." The court erred in holding that the City of Pelham was not a necessary party.
Rule 19, A.R.Civ.P., provides a two-step process for the trial court to follow in determining whether a party is necessary or indispensable. Ross v. Luton, 456 So.2d 249, 256
(Ala. 1984), citing Note, Rule 19 in Alabama, 33 Ala.L.Rev. 439, 446 (1982). First, the court must determine whether the absentee is one who should be joined if feasible under subdivision (a). If the court determines that the absentee should be joined but cannot be made a party, the provisions of (b) are used to determine whether an action can proceed in the absence of such a person. Loving v. Wilson, 494 So.2d 68 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). It is the plaintiff's duty under this rule to join as a party anyone required to be joined. J. C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981).
 "If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, ARCP, state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant then under subsection (a) of Rule 19, the trial court shall order that he be made a party."
406 So.2d at 849-50. (Emphasis added.)
We note that the interest to be protected must be a legally protected interest, not just a financial interest.Ross, supra; see Realty Growth Investors v. *Page 227 Commercial Indus. Bank, 370 So.2d 297 (Ala.Civ.App. 1979), cert. denied, 370 So.2d 306 (Ala. 1979). There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. This question is to be decided in the context of each particular case. J. R. McClenney Son v.Reimer, 435 So.2d 50 (Ala. 1983), citing Provident TradesmensBank Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733,19 L.Ed.2d 936 (1968). The absence of a necessary party requires a dismissal of the cause without prejudice or a reversal with prejudice or a reversal with directions. J. C. Jacobs BankingCo. v. Campbell, 406 So.2d 834 (Ala. 1981).
Can complete relief be afforded among those already parties? We do not believe so. The City of Pelham is required under the trial court's order to assume duties of policing and maintaining a road that it wished to vacate. The City of Pelham is also now required to maintain a public thoroughfare, which the evidence shows may or may not be suitable for traffic, without any hearing on the matter. Moreover, the City of Pelham will now incur liability to the public for any failure of maintenance with respect to this road. While ordering Holland to refrain from obstructing the road will provide Hill with a possible route to travel, it does so at the expense of the City of Pelham. We cannot see that Alabaster should be afforded relief of the opening of a road that is not within its city limits, and lies within the city limits of Pelham in the absence of the City of Pelham's presence in the judicial proceedings that afford Alabaster this remedy. This is true particularly in view of the evidence that reasonable alternative means of travel were available to the citizens of Alabaster.
Does the City of Pelham claim an interest relating to the subject of the action so that the disposition of the case without the City, as a practical matter, will impair or impede its ability to protect that interest? We believe so. Although Holland is the party actually claiming that the City of Pelham has an interest, the City of Pelham cannot properly protect its interest in vacating roads within its municipal limits unless it is given a fair hearing before a vacation of such a road is set aside.
We find further support in Boles v. Autery, 554 So.2d 959,960-61 (Ala. 1989), and Johnston v. White-Spunner,342 So.2d 754, 760 (Ala. 1977). In Boles, we held that Autauga County should have been joined as a party to an action to determine whether a particular road was public or private. In that case, the trial court had determined that the road was private and awarded damages in the breach of contract action. This Court wrote:
 "The trial court's determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain it. If the county is not joined as a party, then neither it nor other members of the public are bound by the trial court's ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation. We note the following as a possible example: Suppose the landowners, over the course of time, allow the road to fall into disrepair, and a school bus carrying children has an accident because of the road's deterioration. Would the county be liable for its failure to maintain the road? Coupled with the other problems discussed, that possibility of contradictory rulings about the status of the road as public or private is a sufficient reason to require the joinder of Autauga County as a party."
554 So.2d at 961.
Johnston involved a boundary line dispute between owners of contiguous lots in a subdivision. One of the issues there concerned whether a road was public or private, and another issue dealt with the proper location of that road. We held inJohnston that the City of Mobile had no less interest in the outcome of an action involving *Page 228 
the road than any of the property owners in the subdivision. 342 So.2d at 760. We stated:
 "If, as the record indicates, the City is exercising authority over a strip of land not actually dedicated to use as a public street, then any decree that finds to that effect, expressly or by implication, is void if the City is not a party to this action. In any event, the interest of the City is of such a nature that the court decree 'relocating' the road directly affects that interest and the trial court must have jurisdiction over the City before proceeding to adjudicate any issues affecting such interest."
342 So.2d at 760. (Emphasis added.) As shown byJohnston, the trial court must have jurisdiction over the City of Pelham before proceeding to adjudicate any issues affecting that entity's interests. While both Boles and Johnston dealt with the determination of whether a particular road was public or private, the same analysis must be applied here. Before the Circuit Court of Shelby County can determine whether the action of a city vacating a road is void, the court must have that city before it as a party.
Alabaster and Hill have contended in their briefs that the resolution passed by Pelham vacating the road that is the subject of this appeal was illegal, and consequently that the road was never legally vacated. The trial court specifically found that the vacation met all statutory requirements, yet set the vacation aside on the basis that it created a public nuisance. The record further reveals that the road had been closed for over two years at the time of the trial court's order. The City of Pelham will now be required to maintain the road, police the area, and ultimately clean up the dumping of garbage on the road, all without a hearing as to the city's reasons for vacating the road initially.
The allegations by Alabaster and Hill of illegality and the claims of nuisance are efforts by them to thwart the actions and procedures correctly used by the City of Pelham in vacating roads pursuant to Ala. Code 1975, § 23-4-20. The trial court's further ruling that Holland's actions in blocking the road subsequent to the vacation of the road, at the request of theCity of Pelham, constitute a public nuisance improperly aids their efforts. Although the trial court's order implied that the vacation of the road occurred solely through the actions of Holland, the evidence does not show this to be the case.
We hold that the City of Pelham was a necessary party in this action. We therefore reverse and remand this case to the trial court for proceedings consistent with this opinion. Thus, it is not necessary to discuss the other issues raised.
Rule 44, A.R.App.P.
Holland also contends that Alabaster and Hill's brief should be stricken or, alternatively, that the appellees should be required to serve their brief on the City of Pelham as, he contends, Rule 44, A.R.App.P., requires. He asserts that the appellees have challenged the validity of a resolution passed and adopted by the City of Pelham.
Rule 44 states as follows:
 "If the validity of any statute, executive or administrative order, municipal ordinance, franchise or written directive of any governmental officer, agent, or body is raised in the appellate court, and the state, municipal corporation or governmental body which enacted or promulgated such questioned order is not a party to the proceeding, the party raising such question shall serve a copy of his written brief, which shall clearly set out the question raised, on the . . . city attorney . . . of the governmental body whose order is questioned."
We believe the motion made by Holland has merit. However, because we reverse this case on the issue concerning the City of Pelham's being omitted as a necessary party, the motion is denied as being moot.
MOTION DENIED AS MOOT; REVERSED AND REMANDED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Holland initially blocked the road by placing piles of dirt just inside the city limits of Alabaster by mistake. He later moved the dirt to within the city limits of Pelham and it appears that all of the closed portion of the road is within the city limits of Pelham. *Page 229