RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from an order denying the claim of Michael David Smith against the estate of Sarah Moore, deceased (estate).
Sarah Moore, the deceased, was Smith’s great-aunt, his paternal grandmother’s sister. Moore had no children. When she died on December 1,1991, she left a will, naming her five closest living relatives as equal beneficiaries. Smith was one of the named beneficiaries.
The will was filed for probate and was admitted to probate without objection by any party. On March 18, 1992, letters testamentary were granted to the co-executors named in the will, Jacqueline Anderson and Kenneth R. Smith (the claimant’s brother).
On May 22, 1992, Smith filed a claim against the estate, alleging that the estate owed him the sum of $43,300 for his role as Moore’s primary caregiver from April 1985 until her death on December 1, 1991. The estate filed an objection to Smith’s claim.
This ease was transferred from the probate court to the circuit court. After an ore tenus hearing, the trial court issued an order denying Smith’s claim and granting the objection filed by the estate.
Smith appeals. This case is before this court pursuant to Aa.Code 1975, § 12-2-7(6). We affirm.
The dispositive issue is whether the trial court erred in determining that an implied contract to pay the reasonable value of services provided did not exist between Smith and his great-aunt.
In this case the trial court, sitting without a jury, heard the evidence and entered a judgment denying Smith’s claim against the estate. This judgment will not be disturbed on appeal unless it is (1) manifestly unjust, (2) clearly erroneous, (3) without supporting evidence, or (4) against the great weight of the evidence. Holland v. City of Alabaster, 566 So.2d 224 (Ala.1990).
When we view the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, the following is revealed.
Smith testified that his relationship with his great-aunt was one of a grandmother-grandson' relationship. He further testified that he provided the care to her because he loved and cared for her and that he was the relative able to provide such care because he lived in the area and had a flexible schedule. His testimony also revealed that there was never any discussion about compensation and that he did not make a claim for compensation from his great-aunt during her lifetime.
In May 1990 Smith and his mother moved into Moore’s home. Smith testified that he and his mother lived with Moore until her death in December 1991. Smith admitted that during this time, he expended half of his time caring for his own mother. His testimony revealed that the only contributions which he made toward the household expenses were for food and the telephone.
In fact, at the time of this hearing in March 1993, Smith and his mother resided in the Moore home, which is part of the estate. Smith testified that he has never paid any rent while living in the Moore home and that he does not intend to pay rent for residing there.
Smith testified that he filed the claim against the estate because of his anger toward Jacqueline Anderson, who is one of the co-executors of the estate and his first cousin.
The record reveals that much of the time Smith alleges to have been the primary care *148 giver for Moore, there were people hired to be in the Moore residence to provide care for Moore. Further, Smith testified that he was charging the estate for the time he spent visiting Moore while she was in a nursing home from July 1988 until April 1989.
The relevant law was set out in Green v. Colley, 502 So.2d 754 (Ala.1987). In Green, the supreme court stated, in pertinent part:
“[I]t has long been the rule in Alabama that delay in the presentation of claims such as the one in the instant case creates a presumption against the validity of the claim, particularly when the claim is not presented during the lifetime of the alleged debtor.... [T]he presumption against an implied contract is especially applicable when the work is originally begun voluntarily.”
Green, 502 So.2d at 756 (citations omitted).
In light of the above, it is clear to this court that the trial court did not err in its determination and, in fact, was correct in its finding for the estate. The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.