Dan W. Taliaferro, as administrator of the estate of Luis Martinez Silva ("the administrator"), appeals from the judgment of the Shelby Circuit Court denying death benefits under the Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., to Silva's dependants. Because we conclude that the circuit court did not have before it certain parties that were necessary for an appropriate disposition of the case, we reverse and remand.
Jarman Construction employed Luis Martinez Silva. On September 12, 2003, Silva died as a result of injuries he received in a work-related accident. He was survived by a wife, Reynalda Alanis Duran, and two minor children, Martin Martinez Alanis and Carlos Martinez Alanis. At the time of his death, Silva's wife and children resided in Mexico.
On July 26, 2004, the Goff Group, Jarman Construction's workers' compensation insurance carrier ("Goff"), filed a complaint that it styled as a "Petition by Employer to Determine Death Benefits under the Workers' Compensation Law." Goff named only Silva as a defendant in its complaint. Goff alleged, among other things: "Plaintiff believes that [Silva's wife and children] are the sole surviving dependents of the defendant. As such, Plaintiff believes that [Silva's wife and children] are entitled to receive certain workers' compensation benefits under the law of the State of Alabama as it existed on September 12, 2003." Goff filed its complaint against Silva on the basis of Ala. Code 1975, § 25-5-88, which provides that any party to a controversy arising under Articles 2 and 3 of the Workers' Compensation Act may file an action to determine what compensation, if any, is due to a worker or, in the case of the worker's death, the worker's dependents. On September 15, 2004, the administrator of Silva's estate filed a motion to dismiss, which was subsequently denied on November 3, 2004.
On January 27, 2005, the circuit court held a bench trial. On March 7, 2005, it entered findings of fact, conclusions of law, and a final judgment regarding death benefits due under the Workers' Compensation Act as a result of Silva's death. As part of its conclusions of law, the court stated: *Page 1076 
 "1. Pursuant to Section 25-5-82, Ala Code
(1975), nonresident dependents of a deceased employee are not entitled to benefits.[1] Had the deceased been survived by dependents who were United States residents, his dependants would be entitled to benefits in accord with the provisions of Section 25-5-60, Ala Code (1975).
 "2. [The administrator] objects to this [disparate] treatment between resident and nonresident employees on grounds that it violates his client's due process and equal protection rights; however, Section 25-5-82 Ala Code (1975) has never been deemed unconstitutional and the Court thus overrules [the administrator's] objection and denies his request to award compensation to the deceased Employee's dependents.
 "3. Pursuant to Section 25-5-60(1)(G), Ala Code 1975, the Court concludes that the Employer shall pay a one-time lump sum payment of seven thousand five hundred dollars ($7,500.00).
 ". . . .
 "5. The Court further concludes that the Employer has paid out of pocket funeral expenses in the amount of $4,200.00. . . . Pursuant to Section 25-5-67, Ala Code, (1975) the Court concludes that the Employer's workers' compensation carrier, should reimburse Employer for funeral expenses in the amount of $3,000.00."
In the conclusion of its judgment, the circuit court stated:
 "4. Upon the satisfaction of [their] obligations as set forth herein, Jarman Construction and the Goff Group, the workers compensation insurance carrier, are and shall be released and discharged from any further obligation under the workers' compensation act of the State of Alabama against any and all claims filed as a result of the death of Luis Martinez Silva."
The administrator appeals, contending that Ala. Code 1975, §25-5-82, is unconstitutional. He argues that the withholding of death benefits provided by that statute from the nonresident dependents of a deceased worker violates the due-process rights of those workers with nonresident dependents and treats them in a disparate manner that violates the constitutional guarantee of equal protection. We do not reach those issues because we find another issue to be dispositive.
Rule 19(a) and (b), Ala. R. Civ. P., provides:
 "(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person *Page 1077 
should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
 "(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
The failure to join a necessary party is a jurisdictional defect that can be raised for the first time on appeal.Burnett v. Munoz, 853 So.2d 963, 965
(Ala.Civ.App. 2002). Even when neither party raises the issue, this court can raise the issue ex mero motu. Chicago TitleIns. Co. v. American Guarantee and Liab. Ins. Co.,892 So.2d 369, 371 (Ala. 2004).
Our Supreme Court recently discussed the application of Rule 19 in Liberty National Life Insurance Co. v. University ofAlabama Health Services Foundation, P.C., 881 So.2d 1013
(Ala. 2003):
 "We have discussed the application of Rule 19 as follows:
 "`"Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala. 1979)."'
"Dawkins v. Walker, 794 So.2d 333, 336 (Ala. 2001) (quoting Byrd Cos. v. Smith, 591 So.2d 844, 846
(Ala. 1991)).
 "`Rule 19, [Ala.] R. Civ. P., provides a two-step process for the trial court to follow in determining whether a party is necessary or indispensable. Ross v. Luton, 456 So.2d 249, 256 (Ala. 1984), citing Note, Rule 19 in Alabama, 33 Ala. L.Rev. 439, 446 (1982). First, the court must determine whether the absentee is one who should be joined if feasible under subdivision (a). If the court determines that the absentee should be joined but cannot be made a party, the provisions of (b) are used to determine whether an action can proceed in the absence of such a person. Loving v. Wilson, 494 So.2d 68 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). It is the plaintiffs duty under this rule to join as a party anyone required to be joined. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala. 1981).
 "`"If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, [Ala. R. Civ. P.], state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant then under subsection (a) of Rule 19, the *Page 1078 
trial court shall order that he be made a party."
 "`406 So.2d at 849-50. (Emphasis added [in Holland].)
 "`We note that the interest to be protected must be a legally protected interest, not just a financial interest. Ross, supra; see Realty Growth Investors v. Commercial Indus. Bank, 370 So.2d 297 (Ala.Civ.App. 1979), cert. denied, 370 So.2d 306 (Ala. 1979). There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. This question is to be decided in the context of each particular case. J.R. McClenney Son v. Reimer, 435 So.2d 50
(Ala. 1983), citing Provident Tradesmens Bank Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).'
 "Holland v. City of Alabaster, 566 So.2d 224, 226-27 (Ala. 1990) (emphasis omitted). `The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.' J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51
(Ala. 1981). See also Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994) (Almon, J., concurring in part and dissenting in part)."
881 So.2d at 1021-22.
The present case involves death benefits payable to dependents under the Workers' Compensation Act. Under Alabama law, those benefits, and the right to bring an action for their recovery, belong solely to the dependents of the deceased worker. Ala. Code 1975, § 25-5-60; Lawrence v. United States Fid. Guar. Co., 226 Ala. 161, 164-65, 145 So. 577, 580 (1933);Baughn v. Little Cahaba Coal Co., 213 Ala. 596, 597,105 So. 648, 649 (1925); and Ex parte Havard, 211 Ala. 605,607, 100 So. 897, 898 (1924). So long as there are dependents, the deceased worker's estate is not the proper party to bring a suit to recover death benefits. See id.
In its complaint, Goff alleged that Silva's wife and children were Silva's sole surviving dependents and that, by virtue of that status, they were "entitled to receive certain workers' compensation benefits under the law of the State of Alabama." During the progress of the litigation, the circuit court considered the effect of Ala. Code 1975, § 25-5-82, and determined that Silva's wife and children do not constitute "dependents" for purposes of receiving death benefits. It thereafter considered and rejected a challenge to the constitutionality of that statute, a challenge from which only Silva's wife and children, and not Silva's estate, would have benefited had it been successful.[2] Indeed, on appeal, the only issue that the administrator of Silva's estate raises is the constitutionality of § 25-5-82.
The subject matter of the lawsuit, the allegations of the complaint, the issues that the circuit court had to consider in resolving the case, and the sole issue that the administrator of Silva's estate raises on appeal lead us to conclude that Silva's dependents are necessary parties to this lawsuit. We cannot determine, however, whether it is feasible to join Silva's dependents *Page 1079 
in this lawsuit. In this regard, our Supreme Court inLiberty National Life Insurance Co., after it found that the plaintiff in that case had failed to join necessary parties under Rule 19(a), stated:
 "In order to make a determination as to the feasibility of joinder under Rule 19, Ala. R. Civ. P., a court must consider whether the absentee party is subject to service of process, whether the absentee party's joinder will deprive the trial court of subject-matter jurisdiction, or whether the absentee party makes a valid objection to the court's venue after joinder. . . . In this case, the record is devoid of information sufficient to inform us as to the feasibility of joinder of the affected Liberty National policyholders. Accordingly, the trial court would have to conduct further proceedings to develop that information and make a finding as to the feasibility of joinder, before the issue would be ripe for appellate review."
881 So.2d at 1024. As was the case in Liberty National LifeInsurance Co., the record before us does not disclose whether it is feasible for Silva's dependents to be joined in this action as parties. On remand, the circuit court should "conduct further proceedings to develop that information and make a finding as to the feasibility of joinder."881 So.2d at 1024.
For the foregoing reasons, the circuit court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs specially.
[1] Ala. Code 1975, § 25-5-82, provides:
 "Compensation for the death of an employee shall be paid only to dependents who, at the time of the death of the injured employee, were actually residents of the United States. No right of action to recover damages for the death of an employee shall exist in favor or for the benefit of any person who was not a resident of the United States at the time of the death of such employee."
[2] For this reason, we question whether the administrator of Silva's estate has standing to assert on appeal that Ala. Code 1975, § 25-5 82, is unconstitutional. It is Silva's dependents, and not his estate, that would benefit from the administrator's success in this appeal. See Bryant v. ArborAcres Farm, Inc., 674 So.2d 539, 542-43 (Ala.Civ.App. 1995) ("Further, even if the statute were ruled unconstitutional, the estate still would have no remedy." "Because the worker's estate would not be entitled to recover workmen's compensation benefits if the statute were held to be unconstitutional, the worker's estate has no standing to assert this challenge.").