The plaintiff, William B. Brewton, appeals a judgment in favor of the defendants, Shelby D. Baker and Shirley J. Baker. Because we conclude that the trial court did not have before it one or more parties who should have been joined in the action if it was feasible and because the trial court did not determine whether it was feasible to join them or, if it was not feasible to join them, whether the action should proceed in their absence, we reverse and remand.
Brewton and the Bakers own contiguous parcels of land located south of Walnut Creek in Chilton County. Brewton's land is located immediately west of the Bakers' land. Chilton County Road 467 is located south of Brewton's land, and a single *Page 1138 
driveway connects both Brewton's land and the Bakers' land with that county road. The driveway commences along the southern boundary of Brewton's land. From that point, the driveway runs in a generally northeasterly direction across Brewton's land to a point a short distance west of the common boundary line separating Brewton's land from the Bakers' land. At that point, the driveway forms a circle, one part of which is located on Brewton's land and the other part of which is located on the Bakers' land. From the northern curve of the circle, the driveway runs astride the common boundary line separating Brewton's land from the Bakers' land in a generally northeasterly direction to a point on the common boundary line where the driveway curves westward at an angle of approximately 90 degrees. The driveway then runs in a generally northwesterly direction across Brewton's land and then continues running on land that is located to the west of Brewton's land and is owned by one or more third parties ("the third parties").
A dispute arose between Brewton and the Bakers regarding several issues. One of the issues was whether Brewton had the right to use the portion of the driveway that is located on the Bakers' land. As a result of the dispute, Brewton sued the Bakers in Chilton Circuit Court, seeking, among other things, a determination that he had the right to use the portion of the driveway that is located on the Bakers' land.
At trial, evidence was introduced indicating that the third parties use the portion of the driveway located on the Bakers' land for ingress to, and egress from, their land. Moreover, the trial court's judgment determined, among other things, that the portion of the driveway that is located on the Bakers' land "is not included in the common drive way access for [Brewton] andthe owners to the west." (Emphasis added.) The evidence indicating that the third parties use the portion of the driveway located on the Bakers' land for ingress to, and egress from, their land and the trial court's determination that the third parties did not have the right to use that portion of the driveway indicate that, pursuant to Rule 19, Ala. R. Civ. P., the third parties should have been joined in the action if it was feasible, yet the trial court did not comply with Rule 19 by determining whether it was feasible to join them or, if it was not feasible to join them, whether the action should proceed in their absence.[1] *Page 1139 
In Taliaferro v. Goff Group, 947 So.2d 1073
(Ala.Civ.App. 2006), this court stated:
 "The failure to join a necessary party is a jurisdictional defect that can be raised for the first time on appeal. Burnett v. Munoz, 853 So.2d 963, 965 (Ala.Civ.App. 2002). Even when neither party raises the issue, this court can raise the issue ex mero motu. Chicago Title Ins. Co. v. American Guarantee and Liab. Ins. Co., 892 So.2d 369, 371
(Ala. 2004).
 "Our Supreme Court recently discussed the application of Rule 19 in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala. 2003):
 "`We have discussed the application of Rule 19 as follows:
 "`"'Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala. 1979).'"
 "`Dawkins v. Walker, 794 So.2d 333, 336
(Ala. 2001) (quoting Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991)).
 "`"Rule 19, [Ala.] R. Civ. P., provides a two-step process for the trial court to follow in determining whether a party is necessary or indispensable. Ross v. Luton, 456 So.2d 249, 256 (Ala. 1984), citing Note, Rule 19 in Alabama, 33 Ala. L.Rev. 439, 446 (1982). First, the court must determine whether the absentee is one who should be joined if feasible under subdivision (a). If the court determines that the absentee should be joined but cannot be made a party, the provisions of (b) are used to determine whether an action can proceed in the absence of such a person. Loving v. Wilson, 494 So.2d 68 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). It is the plaintiffs duty under this rule to join as a party anyone required to be joined. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala. 1981).
 "`"'If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, [Ala. R. Civ. P.], state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant then under subsection (a) of Rule 19, the trial court shall order that he be made a party.'
 `"'406 So.2d at 849-50. (Emphasis added [in Holland].)
 "`"We note that the interest to be protected must be a legally protected interest, not just a financial interest. Ross, supra; see Realty Growth Investors v. Commercial Indus. Bank, 370 So.2d 297 (Ala.Civ.App. 1979), cert. denied, 370 So.2d 306 (Ala. 1979). There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. This question is to be decided in the context of each particular case. J.R. McClenney Son v. Reimer, 435 So.2d 50 (Ala. 1983), citing Provident Tradesmens Bank Trust Co. v. Patterson, *Page 1140 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)."
 "`Holland v. City of Alabaster, 566 So.2d 224, 226-27 (Ala. 1990) (emphasis omitted). "The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment." J.C Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51
(Ala. 1981). See also Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994) (Almon, J., concurring in part and dissenting in part).'
 "881 So.2d at 1021-22."
947 So.2d at 1077-78.
Because the record in the case now before us indicates that the third parties should have been joined in the action if it was feasible and because they were not joined and no determination was made whether it was feasible to join them or, if it was not feasible, whether the action should proceed in their absence, we must reverse the trial court's judgment and remand the action for the trial court to conduct further proceedings consistent with this opinion. See Taliaferro v. Goff Group, supra.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writing.
[1] Rule 19(a) and (b) provide:
 "(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
 "(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.".