The defendant, Wallis B. Willis, appeals a judgment in favor of the plaintiffs, Hebert E. Coe, Timothy B. Coe, and Katherine Coe ("the Coes"). Because we conclude that the trial court did not have before it a party who should have been joined if it was feasible and the trial court did not determine whether it was feasible to join her or, if it was not feasible to join her, whether the action should proceed in her absence, we reverse and remand.
The Coes own record title to the northwest quarter of the southwest quarter of Section 19 in Randolph County. Willis owns record title to the northeast quarter of the southwest quarter of Section 19 less a square-shaped one-acre parcel constituting the northwest corner of that quarter-quarter section. Anzelle Phillips owns record title to that corner parcel.
A dispute arose between the Coes and Willis regarding the ownership of a generally triangular-shaped gore of land. The gore is bordered on the west by the quarter-quarter section line separating the northeast quarter of the southwest quarter of Section 19 from the northwest quarter of the southwest quarter of that section. The gore is bordered on the east by a portion of an old fence. Willis and Phillips each own record title to a portion of the gore.
After the dispute arose between the Coes and Willis regarding the gore, the Coes sued Willis to establish that they owned the gore by virtue of adverse possession and to establish the location of the boundary line between their land and Willis's land. Answering, Willis denied that the Coes owned the gore and asserted, among other things, that Phillips was a necessary party pursuant to Rule 19, Ala. R. Civ. P.[1] However, the Coes did not make Phillips a party to the action. *Page 261 
The action proceeded to trial and the evidence introduced at trial indicated that Phillips owned record title to a portion of the gore. However, the trial court neither determined whether it was feasible to join Phillips as a party to the action nor determined whether the action should proceed if it was not feasible to join her. Following the trial, the trial court entered a judgment determining, among other things, that the Coes had acquired the ownership of the gore by virtue of adverse possession. Willis timely appealed to the supreme court, which transferred Willis's appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
In Taliaferro v. Goff Group, 947 So.2d 1073
(Ala.Civ.App. 2006), this court stated:
 "The failure to join a necessary party is a jurisdictional defect that can be raised for the first time on appeal. Burnett v. Munoz, 853 So.2d 963, 965 (Ala.Civ.App. 2002). Even when neither party raises the issue, this court can raise the issue ex mero motu. Chicago Title Ins. Co. v. American Guarantee and Liab. Ins. Co., 892 So.2d 369, 371
(Ala. 2004).
 "Our Supreme Court recently discussed the application of Rule 19 in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala. 2003):
 "`We have discussed the application of Rule 19 as follows:
 "`"`Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala. 1979).'"
 "`Dawkins v. Walker, 794 So.2d 333, 336
(Ala. 2001) (quoting Byrd Cas. v. Smith, 591 So.2d 844, 846 (Ala. 1991)).
 "`"Rule 19, [Ala.] R. Civ. P., provides a two-step process for the trial court to follow in determining whether a party is necessary or indispensable. Ross v. Luton, 456 So.2d 249, 256 (Ala. 1984), citing Note, Rule 19 in Alabama, 33 Ala. L.Rev. 439, 446 (1982). First, the court must determine whether the absentee is one who should be joined if feasible under subdivision (a). If the court determines that the absentee should be joined but cannot be made a party, the provisions of (b) are used to determine whether an action can proceed in the absence of such a person. Loving v. Wilson, 494 So.2d 68 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). It is the plaintiffs duty under this rule to join as a party anyone required to be joined. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala. 1981).
 "`"`If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, [Ala. R. Civ. P.], state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant then under subsection (a) of Rule 19, the trial court shall order that he be made a party.'"
 `"406 So.2d at 849-50. (Emphasis added [in Holland].)
 "`"We note that the interest to be protected must be a legally protected interest, not just a financial interest. Ross, supra; see Realty Growth Investors v. Commercial Indus. Bank, 370 So.2d 297 (Ala.Civ.App. 1979), cert. denied, 370 So.2d 306 (Ala. 1979). There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. *Page 262 
 This question is to be decided in the context of each particular case. J.R. McClenney Son v. Reimer, 435 So.2d 50 (Ala. 1983), citing Provident Tradesmens Bank Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)."
 "`Holland v. City of Alabaster, 566 So.2d 224, 226-27 (Ala. 1990) (emphasis omitted). "The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment." J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51
(Ala. 1981). See also Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994) (Almon, J., concurring in part and dissenting in part).'
 "881 So.2d at 1021-22."
947 So.2d at 1077-78.
Because the record in the case now before us indicates that Phillips owns record title to a portion of the gore, she should have been joined in the action if it was feasible. However, she was not joined and no determination was made regarding whether it was feasible to join her or, if it was not feasible, whether the action should proceed in her absence. Consequently, we must reverse the trial court's judgment and remand the action for the trial court to conduct further proceedings consistent with this opinion. See Taliaferro v. Goff Group, supra.
REVERSED AND REMANDED.
THOMAS and MOORE, JJ., concur.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writings.
[1] Rule 19(a) and (b) provide:
 "(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
 "(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."